STATE v. DIEHL

[137 N.C. App. 541 (2000)]

STATE OF NORTH CAROLINA v. DAVID CHARLES DIEHL

No. COA98-1626

(Filed 18 April 2000)

**Criminal Law— prosecutor's closing argument—references to race—mistrial**

The trial court abused its discretion in a first-degree murder case by denying defendant's motion for a mistrial under N.C.G.S. § 15A-1061, after the State's closing argument in which the prosecutor referred to the race of the jurors, because the prosecutor abdicated his duty to uphold defendant's right to a fair trial, the prosecutor's conduct was so undignified as to degrade the tribunal, and the trial court's comment that "we're not going to have that thing going on" did nothing to prevent the prosecutor's statements from influencing the jurors.

Judge WALKER dissenting.

Appeal by defendant from judgment entered 10 March 1998 by Judge W. Douglas Albright in the Superior Court, Randolph County. Heard in the Court of Appeals 16 November 1999.

*Attorney General Michael F. Easley, by Assistant Attorney General Buren R. Shields III, for the State.*

*Mary March Exum for defendant-appellant.*

TIMMONS-GOODSON, Judge.

David Charles Diehl ("defendant") appeals a jury verdict finding him guilty of first degree murder and sentencing him to imprisonment for life without parole.

The facts pertinent to this appeal are as follows. In Asheboro, North Carolina, police officers found the dead body of Jake Spinks ("the victim") in his home. The victim had been stabbed sixty-four times. Deoxyribonucleic acid ("DNA") analysis of blood stains found in the home led police investigators to identify defendant as the perpetrator. Defendant was subsequently indicted and the case was called for trial.

During the course of closing arguments by the State at trial, the prosecutor made the following argument:

**STATE v. DIEHL**

[137 N.C. App. 541 (2000)]

[Defendant] doesn't like Anise. He doesn't like Tonya . . . All these people, I don't know their names, they're just Black people. I don't know their names. I don't—I don't—I don't mess with them . . . We're trying a brutal, vicious, sadistic killing. And one thing you got to face, why? Because he was embarrassed and he thinks he's doing y'all a favor by killing the drug dealer, a Black drug dealer.

No objection was lodged by defendant to these statements and the trial court did not intervene *ex mero motu* to the line or tenor of the prosecutor's argument. At a later point in his closing argument, the prosecutor again made a reference to race:

Well if his story is sufficient to confuse you or to whatever, or if it's just another reason. If, and I hope that is the answer, if twelve people good and true, twelve White jurors in Randolph County, just doesn't think—

Defense counsel objected, stating, "Your Honor, please, I object to the racism." The trial court responded: "Well, let's just—We're not going to have that thing going on." The prosecutor completed his closing argument and court was adjourned for the day.

On the following morning, counsel for defendant asked the court to "amplify" his objection to the remark the prosecution had made the previous day. The trial court refused, stating:

Well, I sustained the objection on the spot, right where he stood. Before the words were hardly silent, I sustained the objection to any line of argument that attempted to inject racial division in the argument, and I sustained the objection to [the] type of argument that the D.A. was about to make which would have constituted a feel for a race-based decision, and I don't know—I ruled for you.

Defense counsel moved for a mistrial. The trial court denied the motion, called for the jury to return, and resumed the proceeding with no further reference to the prosecutor's remarks. Defendant appeals.

---

The dispositive issue on appeal is whether the trial court abused its discretion in denying defendant's motion for a mistrial after the State's closing argument in which the prosecutor referred to the race of the jurors.

"Every person charged with a crime has an absolute right to a fair trial. By this it is meant that he is entitled to a trial before an impartial judge and an unprejudiced jury in keeping with substantive and procedural due process requirements of the Fourteenth Amendment." *State v. Britt*, 288 N.C. 699, 710, 220 S.E.2d 283, 290 (1975). "This right exists 'regardless of the heinousness of the crime charged, the apparent guilt of the offender or the station in life which he occupies.' " *State v. Sanderson*, 336 N.C. 1, 7-8, 442 S.E.2d 33, 38 (1994) (quoting *Irvin v. Dowd*, 366 U.S. 717, 722, 6 L. Ed. 2d 751, 755 (1961)).

A mistrial is "[a] trial that the judge brings to an end, without a determination on the merits, because of a procedural error or serious misconduct occurring during the proceedings." Black's Law Dictionary 1018 (7th ed. 1999). The trial court is required to declare a mistrial where prejudicial error takes place: "The judge must declare a mistrial upon the defendant's motion if there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, resulting in substantial and irreparable prejudice to the defendant's case." N.C. Gen. Stat. § 15A-1061 (1999). The defendant has the burden to show prejudicial error. N.C. Gen. Stat. § 15A-1443(a) (1999).

The decision to grant or deny a mistrial rests within the sound discretion of the trial court and will not be disturbed on appeal absent a clear showing of abuse of discretion. *State v. Upchurch*, 332 N.C. 439, 453, 421 S.E.2d 577, 585 (1992). Abuse of discretion occurs where the trial court's decision is "so arbitrary that it could not have been the result of a reasoned decision." *Id.* (citations omitted).

Control of counsel's remarks during closing argument is left largely to the discretion of the trial court. *State v. Johnson*, 298 N.C. 355, 259 S.E.2d 752 (1979). "Counsel have wide latitude in making their arguments to the jury." *State v. Miller*, 271 N.C. 646, 659, 157 S.E.2d 335, 346 (1967). Ordinarily, appellate courts will not review the exercise of the trial judge's discretion regarding jury arguments except where "the impropriety of counsel's remarks is extreme and is clearly calculated to prejudice the jury in its deliberations." *Johnson*, 298 N.C. at 369, 259 S.E.2d at 761.

However, limits exist to jury arguments. *State v. Sanderson*, 336 N.C. at 15, 442 S.E.2d at 42. Counsel shall not engage in undignified or discourteous conduct that is degrading to a tribunal. *State v. Adams*, 335 N.C. 401, 439 S.E.2d 760 (1994), *cert. denied*, 522 U.S.

1096, 139 L. Ed. 2d 878 (1998). Furthermore, counsel must refrain from "abusive, vituperative, and opprobrious language, or from indulging in invectives." *State v. Rivera*, 350 N.C. 285, 291, 514 S.E.2d 720, 723 (1999) (citations omitted).

Therefore, the discretion of the trial court regarding jury arguments is not unbridled. "The trial court has a duty, upon objection, to censor remarks not warranted by either the evidence or the law, or remarks calculated to mislead or prejudice the jury." *Britt*, 288 N.C. at 712, 220 S.E.2d at 291. Moreover, where counsel's arguments stray so far from the bounds of propriety as to impede the defendant's right to a fair trial, it is proper for the trial court to intervene *ex mero motu. Id.*

The prosecutor also has a duty to safeguard the defendant's right to a fair trial. *Sanderson*, 336 N.C. at 8, 442 S.E.2d at 38.

The [prosecuting attorney] is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor—indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.

*Id.* (quoting *Berger v. United States*, 295 U.S. 78, 88, 79 L. Ed. 2d 1314, 1321 (1935)).

Following an improper argument of counsel, the trial court must give prompt and explicit instructions to disregard the unwarranted language. *State v. Monk*, 286 N.C. 509, 212 S.E.2d 125 (1975). "Ordinarily, when incompetent or objectionable evidence is withdrawn from the jury's consideration by appropriate instructions from the trial judge, any error in the admission of the evidence is cured." *Upchurch*, 332 N.C. at 450, 421 S.E.2d at 584 (citations omitted). The following is an example of a proper curative instruction:

Members of the jury, you are to disregard the defense counsel's statement that he believes the defendant is innocent. It is

improper for counsel to argue his own personal opinion. You are to disregard this improper statement and not to allow it to affect your decision. [Do you understand my instructions? Can you follow them?]

(North Carolina Trial Judges' Bench Book, Superior Court Volume 1, Sec. III, Ch. 36, p. 4, 1999.) We note, however, that "some forms of misconduct are so inherently prejudicial that they may not be considered 'cured' even though the trial court has given a strong corrective instruction." *Sanderson*, 336 N.C. at 18, 442 S.E.2d at 43.

In the case at bar, the prosecutor gratuitously injected race into the proceeding during closing argument by referring to the jury as "twelve people good and true, twelve White jurors in Randolph County." In so doing, the prosecutor abdicated his duty to uphold defendant's right to a fair trial. We find the conduct of the prosecutor was so undignified as to degrade the tribunal.

Furthermore, the comment by the trial court that "We're not going to have that thing going on," did nothing to prevent the prosecutor's statements from influencing the jury. In fact, the trial court's comment was not directed to the jury, but to the prosecution and defendant. The overly brief and vague comment did not admonish the jury to disregard the objectionable remarks. We hold that direct and decisive action by the trial court was required in the form of an instruction directed to the jurors notifying them that the prosecutor's appeal to race was improper and that they should disregard it. As such, the statement of the trial court failed to cure the prosecutor's opprobrious language. In the trial court's own words, the remarks of the prosecutor constituted an appeal for a "race-based decision." We hold that the trial court did not fulfill its duty to censor remarks calculated to prejudice the jury.

Because the trial court allowed the prosecutor's statements to go uncorrected, we cannot be sure what effect the statements had on the jury. While we note that the judge, prosecutor and defendant were White, and the victim was Black, we are no less offended by the prosecutor's appeal to "twelve people good and true, twelve White jurors." The fact that all of the parties are of the same race does not authorize the use of the "race card." There is no place in our system of justice for any of its officers to appeal to race rather than the legal evidence. To insure that the system works as it was intended, trials and jury arguments must be free from the taint of insidious, extraneous influences such as race. As this Court stated in *Johnson v. Amethyst*

*Corp.*, 120 N.C. App. 529, 537, 463 S.E.2d 397, 402 (1995), "[t]his court will neither condone nor permit practicing attorneys to take leave of their responsibilities to uphold the respectability of the judicial system."

In light of the prejudicial legal defect in the proceedings, the trial judge was required to grant defendant's motion for mistrial pursuant to North Carolina General Statutes section 15A-1061. Therefore, the trial court erred in denying defendant's motion for mistrial and defendant is entitled to a new trial. Having determined that a new trial is required, we need not address defendant's remaining assignments of error.

For the foregoing reasons, we vacate defendant's conviction and order a new trial.

Vacated and remanded for a new trial.

Judge GREENE concurs.

Judge WALKER dissents.

Judge WALKER dissenting.

I agree with the majority opinion that neither the State nor the defendant in a criminal trial is authorized to use the "race card." However, in this case, defendant objected to the prosecutor's argument as soon as he referred to the race of the jurors and before the prosecutor could finish his sentence. The trial judge's admonition to the prosecutor and to the jury was evident in his comment, "We're not going to have that thing going on."

I believe the jury clearly understood that the prosecutor was not permitted to use the "race card" in his argument. I conclude there was no prejudicial error committed in the trial of this case.